BENITO ALONSO, peticionario y apelante, *v.* ROBERTO H. TODD, recurrido y apelado.

No. 4753.—*Sometido:* Noviembre 19, 1928. *Resuelto:* Enero 18, 1929.

*Luis A. Castro*, abogado del apelante; *Leopoldo Feliú*, abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Benito Alonso solicitó de la Corte de Distrito de San Juan un auto de *certiorari*. En octubre 2 el juez de distrito se negó a expedir el auto, y el mismo día Alonso radicó ante el secretario de dicha corte un escrito de apelación. En octubre 5 se presentó en la secretaría del Tribunal Supremo la transcripción de autos.

Entonces el apelante solicitó de uno de los jueces de esta corte la expedición de un auto de *supersedeas*. Se señaló el día 11 de octubre para oír a las partes y se ordenó al apelante que entregara copia de su moción a la parte contraria.

El 9 de octubre el letrado del apelado radicó una moción solicitando la desestimación del recurso por no habérsele notificado el escrito de apelación.

En dicho día un escrito de apelación similar al ya radicado conjuntamente con copia de la transcripción de autos en apelación, fué entregado a los abogados del apelado. La transcripción de autos contenía una copia *verbatim* del primer escrito de apelación. El escrito de apelación notificado a los letrados del apelado contenía una lista de los documentos incluidos en la transcripción, y el escrito de apelación previamente radicado aparece en la lista como el cuarto de los documentos allí enumerados. El escrito de apelación archivado en octubre 9, con constancia de haberse notificado el mismo, fué radicado primero en la corte de distrito y más tarde, durante el mismo día, en la secretaría de esta Corte Suprema.

El artículo 296 del Código de Enjuiciamiento Civil dispone:

"Una apelación se interpone entregando al Secretario de la corte

en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado."

El lenguaje aquí usado no significa que la notificación del escrito de apelación a la parte contraria deba preceder la radicación de dicho escrito. 3 C. J. pág. 1232, párrafo 1336; 2 R.C.L. pág. 108, párrafo 84; 2 Cal. Jur. pág. 346, párrafo 129.

"La jurisdicción de una causa no pasa a la corte apelativa sino que permanece en la corte inferior hasta que la apelación o el recurso de error se haya perfeccionado de conformidad con las disposiciones estatutorias sobre la materia." 3 C.J. pág. 1252, párrafo 1366.

El mero hecho de radicar la transcripción antes de notificar el escrito de apelación, no priva al apelante de su derecho de notificar tal escrito a la parte contraria dentro del tiempo prescrito por la ley. El hecho de que el escrito de apelación fué notificado en esa forma, se desprende de los autos de esta corte. La apelación no debe desestimarse por un motivo que ha dejado de existir.

*Debe declararse sin lugar la moción.*